IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 1:20-CR-00068-H-BU |
| | § | |
| BRYAN DAVID EDWARDS (1) | § | |

### REPORT AND RECOMMENDATION ON PLEA OF GUILTY
### BEFORE UNITED STATES MAGISTRATE JUDGE

Defendant, BRYAN DAVID EDWARDS (1), by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), appeared with counsel before the undersigned United States magistrate judge for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure.

**A.    Recommendation regarding Guilty Plea**

Defendant was placed under oath and personally examined in open court by the undersigned concerning the subjects in Rule 11(b)(1) and the undersigned determined that Defendant understood each subject.

Defendant pleaded guilty, under a plea bargain agreement with the government, to Count Two of the two-count Superseding Indictment charging Defendant with a violation of 18 U.S.C. §§ 2252A (a)(5)(B) and 2252A(b)(2) Possession of Child Pornography Involving a Prepubescent Minor. After examining Defendant under oath, the undersigned magistrate judge finds the following:

1. Defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. Defendant fully understands the nature of the charges, including each essential element of the offense(s) charged, and the associated penalties;

3. Defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant understands all constitutional and statutory rights and wishes to waive those rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty;

7. There is a factual basis for Defendant's plea of guilty; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

**B.  Recommendation regarding 18 U.S.C. § 3142(f)(1)(A) - Release or detention of a defendant pending sentence.**

The undersigned is in receipt of a Release Status Report to the Court, prepared by the U.S. Probation Officer assigned to this case. The Report indicates that Defendant has met his conditions of pretrial release, and the officer has received no information to cause him to believe that Defendant poses a risk of non-appearance or a danger to another person or to the community.

The Report does note, however, that Defendant may be subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), as the offense to which Defendant pleaded guilty, Possession of Child Pornography Involving a Prepubescent Minor, in violation of 18 U.S.C. §§ 2252A (a)(5)(B) and 2252A(b)(2), is an offense described in 18 U.S.C. § 3142(f)(1)(A).

The only type of offense set forth in § 3142(f)(1)(A) which is applicable to this case is "a crime of violence." The Fifth Circuit has determined that possession of child pornography is a

"crime of violence" within the meaning of 18 U.S.C. § 3142 (f)(1)(A) (*see United States v. Fitzpatrick,* 44 Fed. Appx. 653 (5th Cir. 2002)) and would therefore qualify for mandatory detention.

Although 18 U.S.C. § 3143(a)(1) authorizes a defendant to remain free on conditions of release subject to a previous order under 18 U.S.C. § 3142(f), such action is expressly subject to a determination that the mandatory detention provisions of 18 U.S.C. § 3143(a)(2) are not controlling.

Under 18 U.S.C. § 3143(a)(2), a "judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A)...of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained *unless:*

(1)(a) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the defendant should not be detained, *and* (2) the court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to any other person or the community if released. *See United States v. Carr,* 947 F.2d 1239 (5th Cir. 1991). As a result, if the court accepts this Report and Recommendation on Plea, and adjudges Defendant guilty, it is the further recommendation of the undersigned that Defendant be detained pending imposition or execution of sentence, under 18 U.S.C. § 3143(a)(2), unless defendant establishes one of the foregoing exceptions.

Although I have conducted these proceedings and accepted Defendant's plea of guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if Defendant has any objections to these findings or any other action of the undersigned, he is required to make those known to the United States district

judge within fourteen (14) days of today.

    The Clerk will furnish a copy of this Order to each of attorney of record.

    Signed on 31st day of August, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE